ANGELICA ELIASCO, Appellant, v. THEODORE J. ELIASCO, Respondent.— In the absence of an affidavit by the defendant stating that he was not served with the summons and complaint — the fact of the service and a description of the circumstances having been attested to by the affidavit in opposition — the moving papers are insufficient to raise any issue. Order vacating the service pending a reference to hear and report was unwarranted and must be reversed. As defendant is now overseas, he should be afforded a reasonable opportunity to answer or otherwise move with respect to the complaint. Settle order accordingly on notice. Concur — Botein, J. P., Rabin, McNally and Bergan, JJ.

ARTHUR MURRAY, Appellant, v. RALPH E. BROWN, Respondent. RALPH E. BROWN, Respondent, v. ARTHUR MURRAY, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, J. P., Rabin, McNally and Bergan, JJ.

CHARLES VIDOR, Respondent, v. OSCAR SERLIN et al., Appellants, et al., Defendant.— Order entered June 14, 1956, granting plaintiff's motion to vacate defendants' notices to take the deposition before trial of certain named witnesses, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Order entered June 22, 1956 denying defendants' motion for reargument, unanimously dismissed. Concur — Botein, J. P., Rabin, McNally and Bergan, JJ.

SELMA LAWSON, Respondent, v. LEONARD LAWSON, Appellant.— Although the notice of appeal recites that the appellant is appealing from each and every part of the order, his brief states " as respects support for the children * * * husband is satisfied to pay the amount directed ". On the question of the award of counsel fee, it is claimed the wife has failed to show any necessity therefor, that she is presently in funds, and that her father has paid her counsel a fee. The parties to this action are so circumstanced that the fixation of counsel fee should await final determination of the action for separation. This will work no hardship on either party. Accordingly, the order of Special Term is unanimously modified by striking therefrom the provision for counsel fee and the question of counsel fee is left for the trier of the facts (Case v. Case, 286 App. Div. 962; Schnurer v. Schnurer, 2 A D 2d 881). As so modified the order is affirmed, without costs. Settle order on notice. Concur — Botein, J. P., Rabin, McNally and Bergan, JJ.

JOAN S. BANDLER, Respondent, v. DAVID B. BANDLER, Appellant.— Order unanimously modified so as to fix temporary alimony at the sum of $75 per week and counsel fee at the sum of $500. On the record before this court the sums now fixed are warranted. Settle order on notice. Concur — Botein, J. P., Rabin, McNally and Bergan, JJ.

BERNARD ROSENBAUM, Appellant, v. HARRY LEVY, Doing Business under the Name of HARRY LEVY REALTY COMPANY, et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, J. P., Rabin, McNally and Bergan, JJ.